CALVIN McCLAIN,

    Plaintiff,

v.                       CIVIL ACTION NO.: CV207-072

GREGORY C. PERRY, Assistant
District Attorney; JOHN WETZLER,
Assistant District Attorney, and
TONY SANDBERG,

    Defendants.

## MAGISRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Autry State Prison in Pelham, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges Defendant Perry violated his constitutional rights by submitting a statement to the Review Panel and Parole Board of Georgia, which caused Plaintiff to be denied a possible sentence reduction. Plaintiff avers Defendant Wetzler violated his constitutional rights by conspiring with Defendant Perry to submit the statement to the Review Panel and Parole Board. Lastly, Plaintiff contends Defendant Sandberg, his attorney during the criminal prosecution, violated Plaintiff's constitutional rights by conspiring with the other Defendants to submit the statement and by not notifying Plaintiff of Perry's and Wetzler's actions.

"To establish a prima facie case of a conspiracy, a plaintiff must show, among other things, that defendants 'reached an understanding to violate [his] rights.'" See Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting

Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988)). A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, but must show some evidence of agreement between the defendants. Id. at 1283-84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir.1990)). Plaintiff has failed to show any evidence that Defendants reached an agreement to violate his constitutional rights; therefore, he has not established a prima facie case of conspiracy.

Moreover, Plaintiff contends that Defendants Perry and Wetzler, Assistant District Attorneys, are liable for the alleged violations of his constitutional rights. However, a prosecutor is immune from liability under the doctrine of prosecutorial immunity for actions taken within the scope of his office. Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976). Prosecutorial immunity in § 1983 suits is derived from judicial immunity. Id. at 427, 96 S. Ct. at 991. Policies supporting prosecutorial immunity include concerns "that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. As Plaintiff has not alleged that Defendants Perry and Wetzler have acted outside the scope of their positions, Plaintiff cannot maintain a claim against these Defendants.

Finally, "[i]n order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of

some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir.2000) (emphasis in original) (citation omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981). Defendant Sandberg was a public defender appointed to represent Plaintiff during his criminal prosecution; however, Plaintiff has failed to show Defendant Sandberg did not perform a lawyer's traditional functions during the course of his representation of Plaintiff. Plaintiff cannot sustain his claims against Defendant Sandberg.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C. § 1983. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

**SO REPORTED** and **RECOMMENDED**, this 13th day of August, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE